THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NORTHWEST ADMINISTRATORS, INC., | Case No. C10-0507-JCC |
| Plaintiff, | ORDER |
| v. | |
| NORTHERN DISTRIBUTION, LLC, a California limited liability company, | |
| Defendant. | |

This matter comes before the Court on Plaintiff's motion for summary judgment (Dkt. No. 12), Defendant's response (Dkt. No. 20), and Plaintiff's reply (Dkt. No. 24). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and grants the motion for summary judgment for the reasons explained herein.

I. BACKGROUND

Plaintiff Northwest Administrators, Inc., moves for summary judgment on its claim that Defendant Northern Distribution must pay its assessed withdrawal liability to the Western Conference of Teamsters Trust Fund in the amount of $1,144,508.29, liquidated damages in the amount of $228,901.65, together with attorney fees, costs, and interest. The Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA") requires that an employer who withdraws

ORDER, C10-0507-JCC
PAGE - 1

1  from a multiemployer plan pay its share of liability for the employees' unfunded vested
2  benefits. 29 U.S.C. §§ 1381. When an employer withdraws, the plan sponsor must determine
3  the amount of liability, notify the employer of the amount due, and demand payment in
4  accordance with the listed schedule. *Id.* § 1382, 1399(b)(1).

5  Disputes over determinations of withdrawal liability are to be arbitrated in the first
6  instance, after requesting a review of the liability assessment, within the time limits specified
7  in the MPPAA. 29 U.S.C. § 1401. An employer that does not timely initiate arbitration waives
8  any chance to present a defense that could have been brought before an arbitrator. *See*
9  *Teamsters Pension Trust Fund-Bd. of Trs. of W. Conference v. Allyn Transp. Co.*, 832 F.2d
10 505, 505 (9th Cir. 1987). Courts have characterized the MPPAA statutory scheme as a "pay-
11 first-question-later system." *Bowers v. Transportacion Maritima Mexicana, S.A.*, 901 F.2d 258,
12 263 (2d Cir. 1990). "Congress intended that disputes over withdrawal liability would be
13 resolved quickly, and established a procedural bar for employers who fail to arbitrate disputes
14 over withdrawal liability in a timely manner." *Id.* (quotation marks omitted). Employers may
15 request review of the liability determination within ninety days of notification. 29 U.S.C.
16 § 1399(b)(2). Either party may initiate arbitration proceedings within the earlier of sixty days
17 after the date of notification of the sponsor's initial review or 180 days after the employer
18 requests review. 28 U.S.C. § 1401(a). Yet an employer make demanded payments within sixty
19 days of the initial notice of liability, even if the employer has sought review and arbitration and
20 that process is not yet complete. *See* 19 U.S.C. 1399(c)(2), 1401(d).

21 There is no dispute that Defendant was a party to a labor agreement requiring that it pay
22 monthly contributions to the trust at specific rates for certain hours worked. Defendant
23 withdrew from the trust as a result of ceasing operations on or about March 28, 2009. The trust
24 sent a request for information to Defendant on March 18, 2009, in order to determine
25 withdrawal liability, if any. Defendant responded to the trust's request for information in
26 writing. By letter dated November 10, 2009, the trust sent a certified letter addressed to

ORDER, C10-0507-JCC
PAGE - 2

Defendant at the same address the trust sent previous communications, including the March 2009 request for information. The November 2009 certified letter contained notice of Defendant's withdrawal liability in the amount of $1,144,508.29, a schedule, and a demand for payment. Plaintiff received a signed return receipt for the letter. (Dkt. No. 12 at 5.)

Defendant disputes receiving the November 2009 letter and contends that it ceased all operations and "completely vacated its offices" at that address before delivery. (Dkt. No. 20 at 3.) Thereafter, Plaintiff filed this action on March 25, 2010, to collect the funds. (Dkt. No. 1.) At issue is whether Plaintiff's certified letter or the filing of this civil action constituted sufficient notice under 28 U.S.C. § 1399.

II.   DISCUSSION

The Court need not address whether the notice provided via certified letter to Defendant's last-known address was sufficient to comply with 28 U.S.C. § 1399 because it concludes that service of the civil-action complaint provided Defendant with sufficient notice of its withdrawal liability. Numerous federal courts have concluded that the filing and service of a civil complaint constitute sufficient notice under the MPPAA. *See, e.g.*, *Bowers*, 901 F.2d at 263 ("The Fund responds that even if a factual question exists concerning its original notice to TMM of withdrawal liability, TMM does not dispute that it received notice when it was served with the complaint in this action on March 15, 1988. . . . We agree."); *Bd. of Trs., Nat'l Shopmen Pension Fund v. N. Steel Corp.*, 657 F. Supp. 2d 155, 158–59 (D.D.C. 2009) ("Regardless of whether proper notice was issued in 2001, the Fund correctly points out that service of the present Complaint on August 4, 2005 constitutes valid notice under ERISA."); *Cent. States, Se. & Sw. Areas Pension Fund v. Royal Transp., Ltd.*, 1997 WL 269594, at *2 (N.D. Ill. May 15, 1997) ("Even if the notice to Irwin were insufficient, service of the present complaint would serve as sufficient notice."); *Trs. of the Chi. Truck Drivers, Helpers & Warehouse Workers Union (Independent) Pension Fund v. Rentar Indus., Inc.*, 1989 WL 153559, at *6 (N.D. Ill. Nov. 8, 1989) ("Section 1399(b) does not prescribe a form of notice,

ORDER, C10-0507-JCC
PAGE - 3

1    and the court finds that Rentar did receive proper notice when it was served with the complaint

2    in this action . . . ."). The Court sees no reason to divert from these reasoned decisions, and

3    Defendant provides no authority to the contrary. Accordingly, Defendant received notice of its

4    withdrawal liability on April 16, 2010, the date of service of the summons and complaint. (Dkt.

5    No. 4.)

6        Despite the notice, and in the nearly nine months that have passed since Defendant

7    received service of this civil action, Defendant has taken no steps to preserve its rights to

8    review the liability assessment or seek arbitration. Nor has Defendant provided a single

9    payment sixty days after receiving notice, a payment Defendant is obligated to make regardless

10    of its ability to seek review and arbitrate the amount of liability. *See* 19 U.S.C. 1399(c)(2),

11    1401(d); *Bowers*, 901 F.2d at 263. Defendant's inaction constitutes a waiver[1] of its ability to

12    contest the liability amount, and Defendant provides insufficient justification to grant any

13    equitable tolling of the review and arbitration deadlines. *See Bowers*, 901 F.2d at 263–64

14    (holding that even if employer avoided waiving arbitration, equitable tolling is necessary once

15    notice is received and time lapses); *id.* at 264 ("Although TMM answered the complaint

16    promptly, it did not move for a stay pending arbitration until the district court issued an order

17    imposing liability eight months after the complaint was served. Nor did it make payments in

18    accordance with the schedule set forth by the Fund pending resolution of the dispute." (citation

---

[1] At best, Defendant contends that it raised its right to arbitration in its answer by asserting as affirmative defenses that "Plaintiff has failed to exhaust applicable administrative remedies" and "failed to notify Defendant of any assessment of withdrawal liability." (Dkt. No. 1 at 5.) Neither of these assertions specifically articulates a claim to review or arbitration. *See also Trs. of Amalgamated Ins. Fund v. Vi-Mil, Inc.*, 1987 WL 14665, at *3 (S.D.N.Y. Oct. 28, 1987) ("Nowhere in the statutory or plan provisions is it indicated that one party's instituting an action in court prohibits another party's initiation of arbitration proceeds. At no time did defendant attempt to start arbitration proceedings and the time for it to have done so has now passed. Vi-Mil could have applied for a stay of this action while its arbitration claim was pending. Having failed to do so, Vi-Mil has waived its right to arbitration." (citation and quotation marks omitted)).

ORDER, C10-0507-JCC
PAGE - 4

omitted)); *Hensley v. United States*, 531 F.3d 1052, 1056 (9th Cir. 2008) (explaining that equitable tolling focuses on the party's excusable ignorance of the limitations period, the inability to obtain vital information bearing on the existence of a claim, and the other party's trickery and misconduct; equitable tolling is not available to avoid consequence of own negligence and does not apply when claimant fails to exercise due diligence in preserving legal rights).

The Court disagrees with Defendant that filing a motion to stay the case pending arbitration (and review) would have been futile simply because Plaintiff contended that Defendant waived its ability for review and arbitration. (Dkt. No. 20 at 9–10.) Because a multiemployer plan may seek judicial review only after it believes the employer has exhausted its administrative remedies, any complaint necessarily will assert that the defendant employer no longer has access to administrative remedies. And if Defendant's contention were true, then service of a civil action could not constitute notice, undermining what appears to be a uniform body of law on the issue. Moreover, the Court's decision is guided by and consistent with the pay-first-talk-later principles of the MPPAA, whose provisions should be liberally construed to protect pension plan participants. *See Allyn Transp. Co.*, 832 F.2d at 507; *Bd. of Trs. of Teamsters Local 863 Pension Fund v. Foodtown, Inc.*, 296 F.3d 164, 175 (3d Cir. 2002) ("Due to the remedial purpose of ERISA and the MPPAA, the MPPAA's notice provisions are liberally construed to protect pension plan participants."). Allowing Defendant to sit on its hands, with full knowledge of the liability claim would undermine the purposes of the MPPAA. *See ILGWU Nat'l Ret. Fund v. Levy Bros. Frocks, Inc.*, 846 F.2d 879, 887 (2d Cir. 1988) ("The failure to seek such relief on a timely basis may, in some instances, lead to a harsh result, but the harshness of the default is largely a self-inflicted wound. (quotation marks omitted)).

The Court similarly concludes that Defendant is in default because it has not made timely payments and has received sufficient "written notification" of default. *See Amalgamated*

1  *Lithographers of Am. v. Unz & Co. Inc.*, 670 F. Supp. 2d 214, 230 (S.D.N.Y. 2009) ("The
2  complaint served as 'written notification' to Unz of its failure to begin making payments
3  within 60 days of the notice."); (Dkt. No. 10.) It is immaterial that the designated plan
4  administrator and its attorneys, not the trust, provided the notice. *See Nw. Adm'rs, Inc. v. Con
5  Iverson Trucking, Inc.*, 749 F.2d 1338, 1339 (9th Cir. 1984).

6        The Court further concludes that Plaintiff is entitled to liquidated damages. Although
7  under the trust agreement the administrative manager—not Plaintiff—must provide notice of
8  delinquency, the agreement permits the administrative manager to delegate its authority to
9  others. (*See* Dkt. No. 13-1 at 16.) Moreover, Defendant's interpretation of *Northwest
10 Administrators, Inc. v. Albertsons, Inc.*, 104 F.3d 253, 257 (9th Cir. 1996) is misplaced. By the
11 time this civil action notified Defendant of its liability, the time for review and arbitration
12 lapsed, and delinquency set in, the full $1,144,508.29 remained unpaid. Accordingly, 20
13 percent liquidated damages of $228,901.65 are appropriate.

14 III.   CONCLUSION

15       For the foregoing reasons, the Court GRANTS the motion for summary judgment (Dkt.
16 No. 12). The Court STRIKES the trial date. Plaintiff is AWARDED withdrawal liability of
17 $1,144,508.29 and liquidated damages of $228,901.65. Plaintiff may submit a calculation of
18 attorney fees, costs, and interest no later than February 3, 2011. Defendant may respond to the
19 calculation no later than Monday, February 7, 2011, and Plaintiff may reply no later than
20 February 11, 2011.

21       DATED this 26th day of January 2011.

[Signature]

John C. Coughenour
UNITED STATES DISTRICT JUDGE